# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-0555V
Filed: December 12, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| NANCY N. RELYEA, | |
| Petitioner, | |
| v. | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Carol L. Gallagher*, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for petitioner.
*Douglas Ross*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 6, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving the influenza ("flu") vaccine on October 16, 2013. On October 14, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 18).

On November 4, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 22). Petitioner requests attorneys' fees in the amount of $15,925.00 and attorneys' costs in the amount of $932.38, for a total amount of $16,857.38.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Attachments 1-3 to Petitioner's Motion (ECF No. 22).  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  *See* Informal Remark (Non-PDF), dated Dec. 12, 2016.

On November 17, 2016, respondent filed a response to petitioner's motion.  (ECF No. 23).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00 and $14,000.00" but provides little explanation for how she arrived at this proposed range, citing only five prior cases that she characterizes as similar.  *Id.* at 3.

On November 22, 2016, petitioner filed a reply and two affidavits from practicing attorneys in support of her application.  (ECF No. 24).  Petitioner argues "that her request for fees and costs in the amount of $16,857.38 is not unreasonable, as respondent attempts to suggest."  *Id.* at 2. Petitioner "respectfully requests that the court award her fees and costs … as set forth in her Motion for Fees and Costs."  *Id.* at 1-2.  Petitioner did not charge any additional fees for her reply.

In a reasoned decision involving petitioner's counsel issued approximately one year ago, another special master found that the *Davis* exception applies to the geographical area where petitioner's counsel practices.  *See Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *11-12 (Fed. Cl. Spec. Mstr. Nov. 10, 2015).  In that decision, the special master determined that an appropriate hourly rate for the work performed by petitioner's counsel in 2015 was $315.  *Id.* at *12.  The undersigned agrees with and adopts the reasoning in *Gonzalez* regarding the application of local attorney rates when determining appropriate hourly rates for petitioner's counsel.  However, the undersigned finds that the hourly rate requested by petitioner, $350, is an appropriate local rate.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards $16,857.38[3], representing reimbursement for all attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Carol L. Gallagher.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.